IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2002

## STATE OF TENNESSEE v. JOHN GEORGE

**Appeal from the Circuit Court for Dickson County**
**No. CR5063C     Allen Wallace, Judge**

---

**No. M2001-00978-CCA-R3-CD  - Filed March 7, 2002**

---

This case arises out of a series of armed robberies of gas stations in several counties along Interstate 40. The Defendant, John George, and two codefendants were arrested in Humphreys County, Tennessee. The Defendant gave a statement to police after his arrest confessing his role in robberies in both Humphreys and Dickson counties. Subsequently, the Defendant pled guilty to a charge of aggravated robbery in Humphreys County and was sentenced to nine years in the Department of Correction. In the case before us, the Defendant also entered a guilty plea to aggravated robbery and felony theft arising out of a robbery in Dickson County. After a sentencing hearing, the Defendant was sentenced to nine years for the aggravated robbery and four years for the felony theft to be served concurrently. However, the trial court ordered the sentence to be served consecutively to the Defendant's sentence for aggravated robbery in Humphreys County. The Defendant now appeals the sentence imposed by the trial court. The Defendant contends that the trial court (1) improperly imposed a sentence above the minimum and (2) improperly ordered that the sentence for aggravated robbery to be served consecutively to the Humphreys County sentence. We affirm the judgment of the trial court setting the length of the sentences for aggravated robbery and theft. We remand for further proceedings on the consecutive sentence issue.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part;
Reversed in Part; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

William B. "Jake" Lockert, III and Chris L. Young, Ashland City, Tennessee, for the appellant, John George.

Paul G. Summers, Attorney General and Reporter; Gill Robert Geldreich, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Suzanne Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the sentencing hearing, Tim Eads, Chief Deputy for the Dickson County Sheriff's Department, testified that he was called to the Humphreys County Sheriff's Department to interview three robbery suspects. Chief Deputy Eads was in the midst of investigating an armed robbery of a gas station in Dickson County that occurred two weeks earlier. Upon arrival, Chief Deputy Eads interviewed the Defendant who admitted to robbing the Dickson County gas station as well as several others. The Defendant stated that he and codefendant Christopher Smith would enter the gas stations after codefendant Timothy Moore, who was waiting in the car, would indicate that no cars were approaching. Mr. Smith would threaten the clerk with a pistol and the Defendant would take the money out of the cash register. The Defendant stated that this procedure was followed at the Dickson gas station, and Mr. Smith also demanded the keys to the clerk's truck. The Defendant and Mr. Smith then drove away in the truck. Chief Deputy Eads testified that the Defendant was very cooperative and stated that he participated in the robberies to support his drug addiction.

The Defendant's mother, Mary Jane George, also testified at the sentencing hearing. Ms. George explained that she and the Defendant moved around frequently when the Defendant was a child, and he was rarely in the same school from year to year. Ms. George further testified that the Defendant's father left when the Defendant was three years old, and that she did not know his whereabouts. According to Ms. George, the Defendant quit school at the age of fifteen. Ms. George stated that she was unaware that the Defendant was using drugs.

**ENHANCEMENT OF SENTENCE**

The Defendant first contends that the trial court improperly sentenced him by enhancing his sentence one year above the minimum sentence. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The presentence report reflects that at the time of sentencing the Defendant was nineteen years old and had a ninth grade education. The Defendant had an extensive drug habit using approximately one pound of marijuana and eight vials of cocaine a week. In addition, the Defendant also reported using "acid" once a month, "speed" two or three times a week, and opium five times a week. The Defendant has two convictions for aggravated robbery arising out of similar robberies in Humphreys County.

The Defendant pled guilty to aggravated robbery, a Class B felony with a sentence range of eight to twelve years. See Tenn. Code Ann. §§ 39-13-402, 40-35-112 (a)(2). In sentencing for Class B felonies, the trial court begins at the minimum sentence and then applies any applicable enhancement factors to increase the sentence. See Tenn. Code Ann. § 40-35-210 (e). Next, the trial court applies mitigating factors to reduce the sentence. Id. In the present case the trial court found the existence of two enhancement factors: (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; and (2) the defendant was a leader in the commission of an offense involving two or more criminal actors. See Tenn. Code Ann. § 40-35-114 (1), (2). The trial judge stated that he would give little if any weight to the second enhancement factor.

The trial court also considered the Defendant's age and the fact that he aided authorities in mitigation of his sentence. However, the trial court stated that the criminal activity of the Defendant outweighed the mitigating factors present. Specifically, the trial court found "that this was such a crime spree, I think raises it some above the minimum." We agree with the trial court that the Defendant's history of criminal activity including several armed robberies in at least three counties as well as the Defendant's significant drug use warrant the trial court's minimal enhancement of the sentence.

**CONSECUTIVE SENTENCING**

The Defendant also challenges the trial court's order that his sentence run consecutively to his sentence for aggravated robbery in Humphreys County. Tennessee Code Annotated section 40-35-115 provides that the trial court may impose consecutive sentences upon a defendant convicted of multiple criminal offenses if it finds that a preponderance of the evidence establishes that the defendant falls into one of seven categories. However, the defendant complains that the trial court failed to make a finding that any factor existed that could justify consecutive sentencing. See Tenn. Code Ann. § 40-35-115(b). We agree that the record is devoid of any statement by the trial court regarding the criteria for considering consecutive sentences as set forth in section 40-35-115. In

response, the state contends that the record fully justifies consecutive sentences because of the Defendant's extensive record of criminal activity. See Tenn. Code Ann. § 40-35-115(b)(2).

The trial court stated that "I am going to run them consecutive because of the previous crimes they committed." The State argues that the trial court is relying on Tennessee Code Annotated section 40-35-115(b) (2) in imposing consecutive sentences based upon the Defendant's extensive criminal history. We cannot agree with the State that the trial court's findings were sufficient to provide justification under section 40-35-115 to impose consecutive sentences. It appears from the statements made by the trial judge that he ordered the sentences to be served consecutively to the previous sentence because to do otherwise would be to allow the Defendant to commit the additional crimes for "free." The trial judge also noted that ordering the sentences to be served concurrently would be "telling people, if you do one (1), you might as well go ahead and do a whole bunch of them, because you're going to get the same sentence anyway."

Our sentencing laws require the trial judge to make factual findings prior to sentencing. "The record of the sentencing hearing . . . shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209. The trial judge in this case failed to make the factual findings required for imposition of consecutive sentences. See Tenn. Code Ann. § 40-35-115(b).

We emphasize that the Defendant may be eligible for consecutive sentences, however, this Court is not a fact finder. Accordingly, we must reverse the trial court's order directing the sentences to be served consecutively, and remand this case to the trial court so that a proper determination of the Defendant's eligibility for consecutive sentences can be made pursuant to section 40-35-115.

After ordering the sentences to be served consecutively to the previous sentence, the trial judge observed that appellate courts have reversed some trial courts "just because of what I'm doing." The judge also expressed his view that, "[t]he legislature may need to change it." Nevertheless, Tennessee Code Annotated Section 40-35-115(a) provides that when a defendant has multiple convictions, "the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section."

Upon remand, the trial judge may again consider whether to impose consecutive sentences. If he chooses to do so, however, he must make specific findings that the Defendant falls within one of the categories set forth in Tennessee Code Annotated Section 40-35-115. We also note that if the trial court finds that the Defendant is eligible for consecutive sentencing as a dangerous offender, the trial court must specifically find on the record that the Defendant's behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high, that consecutive sentences are necessary to protect society from further aggravated criminal conduct, and that the aggregate length of the sentences reasonably relates to the severity of the offenses for which the Defendant was convicted. Tenn. Code Ann. § 40-35-115 (4); See State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). In any event, the sentence must be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1), and "no

greater than that deserved for the offense committed." Id. § 40-35-103(2).  See also, State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

## CONCLUSION

For the foregoing reasons, we conclude that the trial court's order of consecutive sentences must be reversed.  The case is REMANDED to the trial court for a determination of the Defendant's eligibility for consecutive sentences.

_____
DAVID H. WELLES, JUDGE